UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JEFFREY PRICE,

    Petitioner,                                    Case Number 20-13102

v.                                                            Honorable David M. Lawson

JONATHAN HEMINGWAY,

    Respondent.

_____/

## ORDER SUMMARILY DISMISSING PETITION FOR A WRIT OF HABEAS CORPUS

Jeffrey Price, a federal prisoner presently confined at the Federal Correctional Institution in Milan, Michigan, has filed a *pro se* petition for a writ of habeas corpus under 28 U.S.C. § 2241, in which he seeks to be discharged from prison to home confinement. Price argues that a transfer of custody is justified because he fears exposure while in prison to the novel coronavirus, and he contends that the proposed release is authorized by the First Step Act of 2018, Pub. L. No. 115-391, 132 Stat. 5194. Price also represents that the Bureau of Prisons has denied his request for release to home confinement. The Court has reviewed the petition and now finds that it must be summarily dismissed for failure to plead any plausible claim for relief.

A petition for a writ of habeas corpus must set forth facts that give rise to a cause of action under federal law or it may summarily be dismissed. *Perez v. Hemingway*, 157 F. Supp. 2d 790, 796 (E.D. Mich. 2001). Federal courts are authorized to dismiss any habeas petition that appears legally insufficient on its face, *McFarland v. Scott*, 512 U.S. 849, 856 (1994), and a district court is authorized to summarily dismiss a habeas corpus petition if it plainly appears from the face of the petition or the exhibits that are attached to it that the petitioner is not entitled to federal habeas relief, *Carson v. Burke*, 178 F. 3d 434, 436 (6th Cir. 1999); *see also* Rules Governing § 2254

Cases, Rule 4, 28 U.S.C. foll. § 2254. Rule 4 of the rules governing habeas corpus proceedings under section 2254 also may be applied by the district court to screen and summarily dismiss facially insufficient habeas petitions brought via section 2241. *Perez*, 157 F. Supp. 2d at 796. Moreover, the Court need not direct or await any response from the government when it is apparent that the petition is frivolous or obviously lacks merit, or where the necessary facts can be determined from the petition itself without consideration of any input from the respondent. *Allen v. Perini*, 424 F. 3d 134, 140 (6th Cir. 1970).

According to 18 U.S.C. § 3621(b), the Bureau of Prisons, not the judiciary, exclusively "is responsible for designating the place of a prisoner's imprisonment," *United States v. Townsend*, 631 F. App'x 373, 378 (6th Cir. 2015), and it is well settled that a federal inmate "enjoys no statutory or constitutionally protected right, or entitlement, to transfer to . . . home confinement," *Heard v. Quintana*, 184 F. Supp. 3d 515, 521 (E.D. Ky. 2016). Because the petitioner has no statutory or constitutional right to be placed in home confinement, he is not entitled to habeas corpus relief on his request for a custodial transfer. *Ibid.*; *see also Bey v. Terris*, No. 19-12120, 2020 WL 6060486, at * 4 (E.D. Mich. Oct. 14, 2020). Moreover, this Court lacks authority to grant relief under the First Step Act because the petitioner was sentenced by a different district judge. "A motion for a sentence reduction under the First Step Act must be filed with the court that imposed the actual sentence and not by filing a petition for writ of habeas corpus with the court in the district of incarceration." *Tennille v. Terris*, No. 19-12632, 2019 WL 4597480, at * 3 (E.D. Mich. Sept. 23, 2019) (collecting cases).

Accordingly, it is **ORDERED** that the petition for a writ of habeas corpus is **DISMISSED**

- 3 -

**WITH PREJUDICE**.

s/David M. Lawson  
DAVID M. LAWSON  
United States District Judge

Dated:   December 15, 2020